IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LACRISSA ANN BARNARD                                                                    PLAINTIFF

vs.                                       Civil No. 2:14-cv-02073

CAROLYN COLVIN                                                                           DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Lacrissa Ann Barnard ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 10.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her application for DIB and SSI benefits on March 15, 2012.  (Tr. 11, 111-123).  Plaintiff alleges being disabled due to bipolar disorder, social anxiety disorder, attention deficit hyperactivity disorder (ADHD), obsessive compulsive disorder (OCD), insomnia, panic attacks, anxiety attacks, severe mood swings, depression, and an inability to focus.  (Tr. 157).  Plaintiff alleges an onset date of March 15, 2006.  (Tr. 11, 157).  These applications were denied

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

initially and again upon reconsideration. (Tr. 53-63, 70-75). Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 68-69).

An administrative hearing was held on January 25, 2013. (Tr. 26-52). At the administrative hearing, Plaintiff was present and was represented by counsel, Michael Harry. *Id.* Plaintiff testified at this hearing. *Id.* On the date of this hearing, Plaintiff was twenty-seven (27) years old and had a high school education along with a cosmetology certification. (Tr. 28-29).

On March 25, 2013, subsequent to the hearing, the ALJ entered an unfavorable decision on Plaintiff's applications. (Tr. 11-20). In this decision, the ALJ determined the Plaintiff met the insured status of the Act through March 31, 2008. (Tr. 13, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 15, 2006. (Tr. 13, Finding 2).

The ALJ determined Plaintiff had severe impairments of anxiety, depression, and bi-polar disorder. (Tr. 13, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 15-19, Finding 5). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for the full range of work at all exertional levels but with limitations that she can understand, remember, and carry out simple routine, repetitive tasks; can respond to usual work situations, routine work changes, and to supervision that is simple, direct, and concrete; and can occasionally interact with supervisors, co-workers, and the public. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 19, Finding 6). The ALJ

determined Plaintiff had no PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 19-20, Finding 10). The ALJ based his determination upon the testimony of the VE. (Tr. 237-241). Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a hand packer with approximately 1,510 such jobs in Arkansas and 165,866 such jobs in the nation, machine packer with approximately 962 such jobs in Arkansas and 44,147 such jobs in the nation, and warehouse worker with approximately 2,537 such jobs in Arkansas and 95,592 such jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from March 15, 2006 through the date of the decision. (Tr. 20, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 5). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On April 1, 2014, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 30, 2014. ECF No. 10. Both Parties have filed appeal briefs. ECF Nos. 12, 13. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record and should be reversed and remanded. ECF No. 12, Pgs. 1-4. Specifically, Plaintiff claims the ALJ erred in his RFC determination. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 13.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).

In social security cases where a mental impairment is alleged, it is important for an ALJ to evaluate a claimant's Global Assessment of Functioning ("GAF") score in determining whether that claimant is disabled due to the claimed mental impairment. GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held that GAF scores (especially those at or below 40) must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires v. Astrue,*

564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50).

Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)).  A GAF score of 40 to 50 also indicates a claimant suffers from severe symptoms.  Specifically, a person with that GAF score suffers from "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

On October 25, 2007, Plaintiff was underwent a Diagnostic Interview at Western Arkansas Counseling and Guidance Center.  (Tr. 249-253).  Plaintiff was diagnosed with bi-polar disorder, mood disorder, anxiety disorder and had a GAF score of 26.  (Tr. 252).  Approximately three weeks later, on November 15, 2007, Plaintiff underwent a Psychiatric Assessment.  (Tr. 254-256).  Her GAF score was 60.  (Tr. 256).  Finally, a discharge summary from Western Arkansas Counseling and Guidance Center on June 2, 2008 indicated Plaintiff had a GAF score of 55.  (Tr. 300).

On April 6, 2012, Plaintiff was admitted to Vista Health hospital for bi-polar disorder.  (Tr. 310-326).  Plaintiff was discharged on April 10, 2012.  (Tr. 310).  According to discharge summary, Plaintiff had GAF score of 14 on admission, 40 on discharge and the highest score in the past year was 52-58.  *Id.*  On April 16, 2012, Plaintiff returned to Western Arkansas Counseling and Guidance

Center for a diagnostic evaluation and had a GAF score of 48. (Tr. 328-331). One week later, the record indicates Plaintiff's GAF score was 50. (Tr. 334). Finally, on May 12, 2012, Plaintiff underwent a mental Diagnostic Evaluation. (Tr. 341-345). Plaintiff was diagnosed with bi-polar disorder, anxiety disorder and borderline personality disorder and had a GAF score of 45-55. (Tr. 344).

The ALJ's opinion made no reference to Plaintiff's GAF scores. It was the ALJ's responsibility to properly evaluate those GAF scores and make a finding regarding their reliability as a part of the underlying administrative proceeding. *See Conklin,* 360 F. App'x at 707. Indeed, it is especially important that the ALJ address low GAF scores where, as in this case, Plaintiff has been diagnosed with bipolar disorder, mood disorder and anxiety disorder.

Accordingly, because the ALJ was required to evaluate these scores and provide a reason for discounting the low GAF scores but did not do so, Plaintiff's case must be reversed and remanded for further development of the record on this issue. *See Pates-Fires,* 564 F.3d at 944-45.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, must be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 2nd day of April 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE